5 6 *5.10, 109*

## LUCIEN DERANLIEU v. FRANK E. JANDT.

FILED SEPTEMBER 19, 1893.    No. 4937.

1. **Review:** NON-JOINDER OF PARTIES: EVIDENCE examined, and *held* to sustain the verdict.

2. **Trial:** OFFICER IN CHARGE OF JURY: REVIEW.    It is not reversible error to permit a jury to remain in charge of a deputy sheriff while deliberating upon their verdict without his being specially sworn by the court in that behalf.

ERROR from the district court of Dawes county.   Tried below before KINKAID, J.

*Albert W. Crites* and *W. H. Fanning,* for plaintiff in error.

*E. W. Dailey* and *Alfred Bartow, contra.*

NORVAL, J.

Frank E. Jandt brought suit against Lucien Deranlieu in the county court on account for goods sold and delivered, and plaintiff also sued out a writ of attachment and caused the same to be levied upon forty-one head of cattle, twenty-nine calves, and one horse.   Defendant moved for a dissolution of the attachment, which was overruled.   An answer was filed setting up, among other defenses, the non-joinder of necessary parties defendant.   Plaintiff replied by a general denial.   There was a trial to a jury, which resulted in a verdict in favor of the plaintiff for $332.40 and costs.   Thereupon the defendant filed a motion for a new trial, which was denied by the court, and judgment was entered upon the verdict.   A bill of exceptions was settled and allowed, and defendant prosecuted error to the district court from both decisions, where the order of the county court sustaining the attachment was reversed and the judgment upon the merits was affirmed. From the decision of the district court affirming the judgment of the county court in the main case, Deranlieu brings the case to this court for review by petition in error.

The main question is, whether there was a non-joinder of parties defendant, the plaintiff in error contending there was, by reason of the failure to make Samuel Young a defendant.

It appears that defendant in error was engaged in the mercantile business in the town of Crawford, this state, and that Deranlieu and one Samuel Young were railroad

contractors doing business under the firm name of Deran-
lieu & Young.   There is a conflict in the testimony as to
whom the credit was extended by Jandt for the goods
charged for in the petition.   The plaintiff in error insists,
and there is in the record testimony tending to support it,
that the goods were purchased by said firm on credit, and
not by Deranlieu individually.   It is disclosed that a por-
tion of the goods was delivered on written orders, and a
part upon the verbal orders, of the plaintiff in error.   The
original written orders were produced at the trial, and all
but one of which were signed in the firm name of Deran-
lieu & Young.   One order was signed by plaintiff in error
individually.   All bills for the goods were made out in
the firm name.   If these facts stood alone, taken in con-
nection with the testimony of plaintiff in error and Mr.
Young, there would be no escaping the conclusion that the
action was improperly brought against Deranlieu as sole
debtor.   But the bill of exceptions contains other testi-
mony bearing upon the subject, which, if true, is ample to
sustain the verdict of the jury.   The evidence of the de-
fendant in error, and also John C. Hoagland, who man-
aged the business for Mr. Jandt, is to the effect that the
goods were sold and delivered upon the sole credit of
plaintiff in error, and were charged to him individually
upon the books; that prior to the furnishing of the goods
Jandt was well acquainted with plaintiff in error, who was
regarded responsible, and when the latter came to the de-
fendant in error to make arrangements for credit he was
informed that Jandt would not let the goods go on the
firm's credit, but that they would be charged to Deranlieu
personally, to which plaintiff in error gave his consent.
It further appears in testimony that the bills were made
out against Deranlieu & Young at the request of plaintiff
in error, so that he could keep his private account separate
from the goods that were furnished for the use of the firm.
The jury passed upon the conflicting testimony and found

that the credit was extended to plaintiff in error and not to the firm of which he was a member, and the finding is not so palpably against the evidence as to warrant a reviewing court to disturb it.

It is finally urged that the county court erred in permitting the jury to remain in charge of the deputy sheriff during the time they were deliberating upon their verdict, without being specially sworn in that behalf. This objection was not made until after verdict, therefore it came too late. Moreover, it does not appear that plaintiff in error was in the least prejudiced by the failure to swear the officer. Besides, there is no statutory provision, that we are aware of, which requires that a sheriff or his deputy shall be specially sworn by the court before taking charge of a jury while deliberating in a civil case.

There is no reversible error in the record and the judgment of the court below is

AFFIRMED.

THE other judges concur.